Moody v. St. Louis, Iron Mountain & Southern Railway
Company.

Opinion delivered May 23, 1910.

Railroads—traveller on track—contributory negligence.—One who
goes upon a railway track in front of a train without looking or
listening and is struck by the train and killed is guilty of contributory
negligence which will preclude a recovery by him, in the absence
of proof that the trainmen were negligent after they had discovered
his peril in time to have avoided killing him.

Appeal from White Circuit Court; *Hance N. Hutton,* Judge;
affirmed.

*J. N. Rachels,* for appellant.

Where there is any evidence tending to establish an issue
in favor of the party against whom a verdict is directed, it
is error to take the case from the jury.  89 Ark. 368.  Persons

moving a train through a city must use ordinary care to avoid injuring persons on the track, even though they are trespassers. 108 S. W. 305; *St. Louis, I. M. & S. Ry. Co.* v. *Shaw,* 94 Ark. 15. The deceased was a licensee, and was entitled to protection as such. 94 Fed. 323; 85 Ark. 326; 86 Ark. 183; 30 Am. & Eng. R. Cas.(N. S.) 132; 36 *Id.* 151; 49 *Id.* (O. S.) 468; 10 L. R. A. (N. S.) 486.. The defendant was guilty of negligence in not keeping a lookout. 78 Ark. 22; 80 Ark. 535; 83 Ark. 61; 85 Ark. 326; 86 Ark. 183. Deceased was justified in walking upon the track. 24 L. R. A. 531; 43 S. E. 589; 30 Am. & Eng. R. Cas. (N. S.) 132. The trial court erred in directing a verdict for defendant. 86 Ark. 289; 20 S. W. 490; 26 S. W. 20; 20 S. W. 163; 88 Am. Dec. 353; 79 Ark. 137; 85 Ark. 326; 86 Ark. 183.

*W. E. Hemingway, E. B. Kinsworthy, P. R. Andrews* and *James H. Stevenson,* for appellee.

An *ex parte* abstract of the testimony is not sufficient under the rules of this court. 76 Ark. 139. A railway track is not a public highway, and one who uses it as such is a trespasser. 46 Ark. 513; 82 Ark. 267; 83 Ark. 300.

BATTLE, J. This is an action by M. D. Moody, as administrator of W. B. Moody, deceased, against the St. Louis, Iron Mountain & Southern Railway Company, to recover damages for the injury and death of the latter, caused by the engine of the defendant pushing four cars against him. After the jury impaneled in the case had heard the evidence adduced by the parties, the court instructed them to return a verdict in favor of the defendant, which they did, and plaintiff appealed.

On the 7th of March, 1908, W. B. Moody arrived at Bald Knob, in this State, on board of a train of the defendant on a visit to his son, who resided at that place about a quarter of a mile from the depot. He undertook to walk to his son's residence. On his way lay the main railway and five switches of the defendant. Between what is called the main and passing lines was a pathway on which he, in part, undertook to go to his son's. The train on which he had arrived, and an engine with four cars in front of it, were moving on one or more of these tracks preparing to depart. After the passenger train had passed him, without looking or listening, he stepped on the main line, and soon the engine, pushing four cars in front of

it and moving at the rate of three miles an hour, struck him, inflicting severe injuries. The engine and four cars were in plain view, and there was nothing between him and them to obstruct his view. The switches there were sufficient to put him on his guard against more than one engine. There was no necessity for him to walk upon the railway track; the path between the tracks furnished a safe and sufficient footway for that time and occasion. He was guilty of contributory negligence. There was no evidence that the trainmen actually discovered his peril in time to avoid injuring him. He is not entitled to recover damages. *Tucka* v. *St. Louis, I. M. & S. Ry. Co., ante* p. 190, and cases cited.

Judgment affirmed.